(77 App. Div. 433.)

## In re SPUYTEN DUYVIL PARK.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. MUNICIPAL CORPORATIONS—COMMISSIONERS OF ESTIMATE—COSTS—TAXATION.
    Greater New York Charter, § 998, provides for the taxation of the costs, fees and expenses of commissioners of estimate, and directs that they shall state such costs, fees, and expenses in detail in the bill of costs. Section 999 requires the corporation counsel to present to the justice taxing the costs his certificate that he has audited and examined the same, giving his result thereof. Commissioners of estimate, on their application for a taxation of their fees, presented affidavits averring in general terms that they had performed their duties as commissioners, and had been employed a specified number of days, and would be engaged two days more in making a final report. An employé of the corporation counsel deposed that their bill of costs was in all particulars correct. *Held*, that the proof was not sufficiently specific within the statute.

2. SAME.
    Commissioners of estimate are not entitled to compensation for days on which nothing was done by them at their meetings, notwithstanding that their failure to take action was due to the action of the corporation counsel.

Appeal from special term, New York county.

Proceedings on the part of the city of New York to acquire title to a public park. From an order taxing the costs, charges, and expenses of the commissioners of estimate appointed in the proceedings, the city appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
Charles Strauss, for respondents.

HATCH, J. The respondents were appointed in a proceeding upon the part of the city to acquire title to a public park lying between Spuyten Duyvil road and the New York Central Railroad. The proceeding involved an assessment of damages upon 9 parcels

of land, in area less than 6¾ city lots. By section 998 of the Greater New York charter, it is provided that the costs, fees, and expenses in such a proceeding, required by law to be fixed, shall be stated in detail in the bill of costs, and shall be accompanied by such proof of the reasonableness and necessity thereof as is now required by law and the practice of the courts upon taxation of the costs and disbursements in other special proceedings. No unnecessary costs or charges shall be allowed. Section 999 imposes the duty upon the corporation counsel to present to the justice taxing the costs his certificate in writing that the costs, charges, and expenses have been audited and examined by him, and also setting forth the result of such audit and examination. The commissioners, upon their application for an assessment of their fees, presented an affidavit which stated in general terms that they had performed and discharged all of their duties as such commissioners, and had been employed a specified number of days, and would be engaged two more days in making a final report. Each commissioner made such an affidavit. In addition thereto, Michael J. Morrison, an employé of the corporation counsel in the bureau of street openings, and who had charge of the books and accounts thereof, deposes that the expenses of the proceeding, other than the charges of the commissioners, were $1,155.07. As to the bill of costs of the commissioners of estimate and assessment, he states that it is in all particulars correct. This was the only proof upon which the commissioners moved for an assessment of their costs and fees. It is evident that the statement of the commissioners is not such a detailed statement as is contemplated by section 998 of the charter. What was done upon the number of days stated to have been occupied by each commissioner is not set forth, nor is there anything either in the affidavits or in the certificate of the employé having charge of the books in this proceeding which shows in detail that the number of days for which fees are asked were necessary in the performance of the duties imposed upon the commissioners. The proof in this respect should be something more than a statement in general terms giving the number of days. The court is the taxing officer, and it should be able to see from the proofs submitted that the number of days were necessarily devoted to the proceeding. The application, therefore, might well have been denied for insufficiency of proof upon which to base the taxation. The certificate and audit by the corporation counsel, as required by the charter, reduces the fees of the commissioners in a considerable amount, and in connection with such certificate is set out a classification of the services rendered by the commissioners, and the number of days in which they were actually employed in connection with each particular service. An examination of the record kept by the commissioners, which accompanied the certificate of the corporation counsel, and the classification made by him, seems clearly to show that the fees claimed by the commissioners and allowed by the court are excessive. Nor do the affidavits submitted in opposition to the certificate of the corporation counsel change this conclusion. The affidavit of Quinlan, which is adopted by the other commissioners, does not specify in detail what

79 N.Y.S.—13

was done at the particular sessions which have been criticised as unnecessary. While many words are used, it amounts only to a general statement that something was done at these times, and that if nothing was done, or if adjournments were had unnecessarily, it was due to the action of the corporation counsel's office. The commissioners, however, may not shelter themselves behind any dereliction of duty upon the part of the corporation counsel which occasioned the prolongation of these proceedings beyond what was necessary; for, no matter how the delays were occasioned, if nothing was done upon those days which authorized the commissioners to charge, or the meetings were unnecessary, it would not entitle the commissiôners to fees, no matter who was responsible therefor.

Making due allowance for the explanation which is made in the last affidavits, and fairly allowing for all the items therein claimed, it does not seem to entitle the commissioners to the fees which have been awarded. In the corporation counsel's certificate the commissioners are allowed for a certain number of days at the rate of $6 per diem, and a certain number of days at $10 per diem. This is due to the fact that, between the time when the commissioners entered upon the discharge of their duties and the date of their completion, a change was made in the law, increasing the compensation from $6 to $10 per diem. Upon the application to tax, the court denied the claim of the commissioners to a compensation of $10 per diem, and allowed them compensation at $6 per diem for the meetings held prior to January 1, 1902, which they claim to have been necessarily employed. No appeal was taken by the commissioners from the order, and therefore they are concluded by it.

On examining the whole record, we have reached the conclusion that the amounts which have been certified to by the corporation counsel are as fair and just as could be made, and we think there was authority for an allowance of compensation for the time certified by the corporation counsel at the rate of $10 per day.

We conclude, therefore, that the order should be modified, and that the allowance of the commissioners should be of the following sums: John J. Quinlan, $442; Daniel F. McCann, $332; William J. Fisher, $436; and as modified the order should be affirmed, with $10 costs and disbursements to the appellant. All concur.