### In re COLLIS, Commissioner.

### Claim of RUNDALL.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. EMINENT DOMAIN—COMMISSIONERS OF APPRAISAL AND ASSESSMENT—FEE BILL—TAXATION.

An order denying a motion to retax costs of commissioners of appraisal and assessment, awarding to the clerk of such commissioners a sum for services rendered, is in effect an order taxing costs in a special proceeding, and is appealable to the appellate division under Code Civ. Proc. § 1356, authorizing an appeal to such court from an order affecting a substantial right, made by a justice at a special term of the supreme court in a special proceeding.

2. SAME—PROOF OF SERVICES—ALLOWANCE OF CLAIM.

Laws 1883, c. 490, § 31, providing that the costs of commissioners of appraisal and assessment shall be taxed before a justice of the supreme court on notice, imposes a judicial duty on such justice to determine the legality of costs sought to be taxed on legal evidence, and therefore does not authorize the allowance of a bill for services of the clerk of such commissioners without proof as to the nature and value thereof.

Appeal from special term, Westchester county.

Proceedings by Charles H. T. Collis, as commissioner of public works of the city of New York, for the appointment of commissioners of appraisal and asssesment, in which Clarence Rundall filed claim for services as clerk to such commissioners. From an order denying a

motion for retaxation of costs, the city of New York appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

James McKeen (George Landon, on the brief), for appellant.
Frederic S. Barnum, for respondent Clarence Rundall.

WILLARD BARTLETT, J. The respondent, Clarence Rundall, was a clerk to commissioners of appraisal appointed under chapter 490 of the Laws of 1883, being an act to provide new reservoirs, dams, and a new aqueduct for the purpose of supplying the city of New York with an increased supply of pure and wholesome water. Section 31 of that statute provides that the fees of the commissioners and the salaries and compensation of their employés, and all other necessary expenses in and about the special proceedings provided for by the act, shall be paid by the comptroller of the city of New York; but that such fees and expenses shall not be paid until they have been taxed before a justice of the supreme court in the Second judicial district upon five days' notice to the corporation counsel. Mr. Rundall claims to have performed services as clerk to the commissioners of appraisal in this proceeding for 2 months and 14 days in the year 1902, at the rate of $250 a month, making a total of $612.90. His bill for this sum was duly presented for taxation before a justice of the supreme court in Westchester county. It was accompanied by an affidavit of the claimant which showed his appointment, but contained no statement, either general or specific, in regard to the services rendered. The application was opposed by an affidavit of an assistant to the corporation counsel, stating upon information and belief that there had been only one session of the commissioners at which any testimony was taken. The claimant's bill, however, was taxed at the full sum of $612.90. The corporation counsel moved for a retaxation of the costs, and that motion was denied by the order from which the present appeal is taken. I think that this court has jurisdiction to entertain the appeal. It is in effect an appeal from the order of the justice taxing the costs, and as such may be entertained under section 1356 of the Code of Civil Procedure. As to the merits, it seems to me quite clear that the costs of the claimant ought to be retaxed. The duty imposed upon the supreme court justice by section 31 of chapter 490 of the Laws of 1883 is plainly judicial, and contemplates a determination which must be based upon legal evidence, or the consent of some representative of the city of New York who has the legal authority to give such consent. It is true that the bill of the claimant was accompanied by a certificate of the commissioners of appraisal to the effect that the amount of the claim was a necessary expense in and about a special proceeding under the statute. In my opinion, however, this was not sufficient. I do not think the commissioners in such a proceeding are at liberty to fix a rate of compensation without regard to the value of the services actually rendered by their clerk or other employés. When a bill is presented for taxation, it should be accompanied by sworn proof as to what the claimant has done and the value of labor performed. Without such evidence, there is no basis for judicial action. As was said

by the appellate division of the First department, in Re Spuyten Duyvil Park (see MS. opinion, December, 1902) 79 N. Y. Supp. 192: "The proof in this respect should be something more than a statement in general terms, giving the number of days. The court is the taxing officer, and it should be able to see from the proofs submitted that the number of days were necessarily devoted to the proceeding." Not only was the requisite proof lacking in the present case, but such evidence as there was on the subject tended to show that the claim was excessive. Under the circumstances, the application for a retaxation before the justice should have been granted, to the end that the evidence contemplated by the statute might be presented before the city was compelled to pay any claim in behalf of the clerk.

I am of opinion that the order should be reversed, and that the proceeding should be remitted to be heard upon proper proofs before the justice by whom it was originally entertained. All concur.