In re COLLIS, Commissioner of Public Works.

DIGNEY et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. MUNICIPAL CORPORATIONS—COMMISSIONERS OF APPRAISAL—COMPENSATION—SERVICES—PROOF.

Under Laws 1897, c. 713, providing that commissioners of appraisal in proceedings to acquire real estate in connection with the water supply of the city of New York "shall receive as compensation the sum of $10 per day for each day actually employed," on an application to tax the fees of such commissioners, their affidavit that they were so actually employed a certain number of days is prima facie evidence of that fact, and is not rebutted by an affidavit of the corporation counsel that he has no facts in his possession to enable him to determine whether this allegation is true or not, except that it appears from the stenographer's minutes that they met a certain number of times, less than the number of days stated in their affidavit.

Goodrich, P. J., dissenting.

Appeal from special term, Westchester county.

Application of John M. Digney and others for taxation of their fees as commissioners of appraisal in proceedings to acquire real estate

in connection with the water supply of the city of New York. From an order taxing the fees, the city of New York appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James McKeen (George Landon, on the brief), for appellant.
Joseph A. Flannery, for respondents.

WILLARD BARTLETT, J.   This is an appeal from an order taxing the costs of commissioners of appraisal, under the amended act, which provides for the acquisition of property in connection with the water supply of the city of New York.   The statute provides that the commissioners appointed in pursuance thereof "shall receive as compensation the sum of ten dollars per day for each day actually employed."   Laws 1897, c. 713.   The fees were taxed upon an affidavit by each commissioner to the effect that he was actually employed as a commissioner of appraisal in this proceeding for 141 days between the 1st day of December, 1901, and the 19th day of May, 1902, both inclusive.   In an opposing affidavit the corporation counsel states that he has no facts in his possession to enable him to determine whether this allegation is true or not, except that it appears from the stenographer's minutes that the commission held, during the period mentioned, eighteen sessions at which testimony was taken, two public hearings at which testimony was not taken, two hearings where counsel argued the subject of costs, one meeting to view the property, and eight executive meetings.   This averment falls far short of being a denial of the fact alleged by the commissioners, that each was actually employed 141 days.   It would be preferable, of course, in a proceeding of this character, to have a more definite statement of just what was done by the commissioners on each day for which they seek compensation.   In the Matter of Acquiring Title to a Public Park Lying between Spuyten Duyvil Park, etc. (opinion filed December, 1902) 79 N. Y. Supp. 192, the appellate division in the First department held that, where the court was the taxing officer under section 998 of the Greater New York Charter, the proof should be something more than a mere statement in general terms, giving the number of days upon which the commission to acquire park lands had been employed.   The charter provision, however, which was there under consideration, is much more specific than the statute which applies to the present case.   It provides that upon the taxation due proof of the nature and extent of the scervices rendered and disbursements charged shall be furnished, and that no unnecessary cost or charges shall be allowed.   It further provides that each of the commissioners "shall receive ten dollars for each day upon which he attends a meeting of the said commissioners and is actually and necessarily employed in the performance of the duties imposed upon them" by the act.   Here, however, we have only the general provision that the commissioners shall receive as compensation the sum of $10 per day for each day actually employed.   I am inclined to think that if they bring themselves within the terms of the statute, by swearing to actual employment for a given number of days, they make out a prima facie case for compensation at the prescribed rate, in the absence of any evidence

which would warrant the taxing officer in rejecting their statement as untrue. Hence it follows that the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except GOODRICH, P. J., dissenting.